YEE & KAWASHIMA, LLLP

JARED N. KAWASHIMA     6289
CHRISTIN D. W. KAWADA   10038
1000 Bishop Street, Suite 908
Honolulu, Hawaii  96813
Telephone:  (808) 524-4501
Facsimile:  (888) 524-0407
E-mail: jared@yklawhawaii.com
E-mail: christin@yklawhawaii.com

Attorney for Plaintiffs
HAWAII MASONS AND PLASTERERS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII MASONS' PENSION FUND; HAWAII MASONS' AND PLASTERERS' ANNUITY FUND; HAWAII MASONS VACATION AND HOLIDAY FUND;  HAWAII MASONS TRAINING FUND; HAWAII MASONS HEALTH AND WELFARE FUND;<br><br>         Plaintiffs,<br><br>  vs.<br><br>CAULKING HAWAII, INC., a Hawaii corporation; BERT M. INOUYE, individually; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE TRUSTS 1-10,<br><br>         Defendants. | CIVIL NO. _____<br><br>COMPLAINT; SUMMONS |

## COMPLAINT

COME NOW Plaintiffs above named by and through their attorneys Yee & Kawashima, LLLP, and for Complaint against Defendants above named, allege and aver as follows:

1.  Plaintiffs are the Trustees of the Masons and Plasterers Trust Funds, which include the Health and Welfare, Training, Annuity, Pension, and Vacation and Holiday Funds (hereinafter collectively referred to as "Trust Funds"). Plaintiffs are fiduciaries with respect to the Trust Funds within the meaning of section 3(21)(A) of Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(21)(A).

2.  Specifically, the Pension and Annuity funds are pension plans as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health and Welfare, Training, and Vacation & Holiday funds are employee welfare benefit plans as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1).  The Trust Funds are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).

3.  The Trust Funds are jointly trusteed labor-management trust funds created and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f). Jurisdiction is proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 301(a) of the LMRA, 29 U.S.C. § 185(a). Venue is proper pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5. At all times relevant herein, each of the above-named Trust Funds was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to the Labor-Management Relations Act and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

6. At all times relevant herein, Defendant CAULKING HAWAII, INC. ("CAULKING HAWAII") was a Hawaii corporation doing business in the State of Hawaii. At all material times CAULKING HAWAII was an employer within the

meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and within the meaning of section 501(3) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 142(3), and was engaged in an industry affecting commerce within the meaning of section 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12), and within the meaning of section 501(1) of the LMRA, 29 U.S.C. § 142(1).

7. At all times relevant herein, upon information and belief, BERT M. INOUYE ("Individual Defendant"), was a resident of the State of Hawaii.

8. Upon information and belief, at all times relevant herein Individual Defendant was a member and officer of CAULKING HAWAII.

9. Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Trust Funds except that they are connected in some manner with the named Defendants and/or were the agents, servants, employees, employers, representative, co-venturers, associates of the named Defendants and/or were in some manner presently unknown to the Trust Funds engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to the Trust Funds. Trust Funds have made a diligent effort to ascertain the true names, identities, capacities, activities and/or responsibilities of said unidentified Defendants but have been unable to do so to

date. Trust Funds have made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Defendants John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10, Doe Governmental Agencies 1-10, and Doe Trusts 1-10 including, but not limited to, investigative efforts to locate witnesses and other persons who may have knowledge of, or contributed to causing the injuries or damages to the Trust Funds, and to identify their roles with respect to same.

10. CAULKING HAWAII agreed to abide by all terms and conditions of the "Master Agreement Covering the Cement Finishing and Masonry Trades in the State of Hawaii" (the "Bargaining Agreement") and the Declaration of Trust Agreement for each respective Trust Fund. Said Bargaining Agreement and the Declaration of Trust Agreement for each respective Trust Fund is incorporated herein by this reference.

11. Trust Funds are third party beneficiaries of the Bargaining Agreement.

### COUNT I (CAULKING HAWAII – Contributions and Damages)

12. CAULKING HAWAII agreed to be bound by all the terms of the Bargaining Agreement and various trust agreements and is specifically required to do the following:

    (a) To submit for each month a report stating the names, social security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are

required to be made by CAULKING HAWAII to Plaintiffs, or if no such persons are employed, to submit a report so stating;

      (b)    To accompany the above reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

      (c)    To make all of its payroll books and records available to Plaintiffs for the purpose of auditing them to verify the accuracy of CAULKING HAWAII's past reporting upon request made by Plaintiffs;

      (d)    To pay interest on any unpaid contributions at the rate of twelve percent per annum, computed from the first day of following month for which contributions are owed;

      (e)    To compensate Plaintiffs for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in an amount equal to the greater of (1) interest on the unpaid contributions or (2) 10% of any and all contributions which are not received by Plaintiffs for a particular month prior to the 30th day of the succeeding month;

      (f)    To pay any and all costs incurred by Plaintiffs in auditing CAULKING HAWAII's payroll records should it be determined that CAULKING HAWAII was delinquent in the reporting or submission of all contributions required to be made by it to Plaintiffs;

      (g)    To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require CAULKING HAWAII to submit its payroll books and records for audit or to recover delinquent contributions.

13.    By agreeing to abide by such Bargaining Agreement, CAULKING HAWAII promised to pay to the Trust Funds certain amounts for employee benefits, for work and labor performed by CAULKING HAWAII covered

employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said Bargaining Agreement.

14. By agreeing to abide by such Bargaining Agreement, CAULKING HAWAII promised to pay to the Trust Funds interest on the unpaid contributions at the rate of twelve percent (12%) per annum or the rate prescribed under Section 6621 of the Internal Revenue Code of 1954, whichever is greater, computed from the first day following the month for which Trust Fund contributions are owed.

15. By said Bargaining Agreement, CAULKING HAWAII agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, CAULKING HAWAII would pay to each trust fund liquidated damages in an amount equal to the greater of (a) interest accrued on the unpaid contributions at the rate of twelve percent per annum or (b) ten percent (10%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said Agreement, as amended, for each delinquency as and for liquidated damages and not as a penalty.

16. CAULKING HAWAII failed to pay total contributions due for the periods including January 2017 through August 2018.

17. CAULKING HAWAII failed to pay total interest due for the periods including April 2016 through August 2018.

18. CAULKING HAWAII failed to pay liquidated damages for the periods including February 2016 through August 2018.

19. CAULKING HAWAII's obligations to Trust Funds, pursuant to said Bargaining Agreement, to make contributions, are continuing obligations and CAULKING HAWAII may accrue and owe additional amounts plus liquidated damages and/or interest up to the time of trial or proof.

20. At all times herein mentioned it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Trust Funds as a result of the non-payment of said contributions. The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Trust Funds by the non-payment of said contributions.

21. By said Bargaining Agreement, CAULKING HAWAII further promised that if it became necessary for Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages from CAULKING HAWAII, CAULKING HAWAII would pay all court and collection costs and reasonable attorney's fees.

22. Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA") govern the enforcement of employer contributions to employee pension and welfare trust funds. ERISA Section 515 (29 U.S.C. § 1145) provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

23. Section 515 is reinforced by the remedial provisions of ERISA section 502(g):

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan —
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of
>
>   (i)  interest on the unpaid contributions, or
>
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

24. CAULKING HAWAII'S failure to transmit payments for contributions and liquidated damages in a timely fashion to Trust Funds for hours worked by its employees caused damage to Trust Funds in an amount to be proven at trial.

### COUNT II (CAULKING HAWAII– Breach of Promissory Note)

25. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

26. On October 28, 2017, CAULKING HAWAII, as Maker, signed a promissory note to pay the principal amount of $69,925.40, representing amounts owed to the Trust Funds pursuant to the Bargaining Agreement for delinquent fringe contributions and liquidated damages, plus interest at the rate of seven percent (7%) per annum. Said promissory note is incorporated herein by this reference.

27. Pursuant to the promissory note, CAULKING HAWAII was required to pay monthly installment payments of $5,000.00 to the Trust Funds on or before the last day of each month commencing on November 30, 2017.

28. CAULKING HAWAII failed to pay monthly installments when due pursuant to the promissory note.

29. CAULKING HAWAII is in breach of the promissory note for its failure to make timely payments and failure to comply with the terms of the promissory note.

30. Pursuant to the promissory note, the Trust Funds, as holder, is entitled to reasonable attorneys' fees and costs, late charges, and interest.

31. Trust Funds have been damaged as a result of such breach in an amount to be proven at trial.

COUNT II (INDIVIDUAL DEFENDANT– Breach of Personal Guaranty)

32. Trust Funds repeat, reallege and incorporate by reference each and every allegation set forth above.

33. On October 28, 2017, Individual Defendant BERT M. INOUYE, as guarantor, signed a personal guaranty wherein he promised to personally pay all amounts due by CAULKING HAWAII to the Trust Funds pursuant to the terms of that certain promissory note dated October 28, 2017. The terms of that certain personal guaranty dated October 28, 2017 are incorporated herein by this reference/

34. BERT M. INOUYE failed to pay monthly installments payable by CAULKING HAWAII pursuant to the personal guaranty.

35. BERT M. INOUYE is in breach of the promissory note for his failure to make timely payments and failure to comply with the terms of the personal guaranty.

36. Pursuant to the personal guaranty, the Trust Funds is entitled to reasonable attorneys' fees and costs to enforce its rights under the personal guaranty.

37. Trust Funds have been damaged as a result of such breach in an amount to be proven at trial.

WHEREFORE, Trust Funds pray as follows:

(1) For judgment against CAULKING HAWAII for outstanding trust fund contributions, interest, and liquidated damages, in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of judgment, attorneys fees and costs;

(2) For judgment against Individual Defendant for breach of a personal guaranty, in an amount to be proven at trial, together with additional damages as may be shown at trial, accrued interest through the date of judgment, attorneys fees and costs; and

(3) Such other relief as the Court deems just and equitable.

DATED:  Honolulu, Hawaii, October 31, 2018.

                /s/ Christin D. W. Kawada
                JARED N. KAWASHIMA
                CHRISTIN D. W. KAWADA
                Attorneys for Plaintiffs